IN THE UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATO INSTITUTE, <br> 1000 Massachusetts Ave. NW <br> Washington, D.C. 20001 <br><br> **Plaintiff,** <br><br> v. <br><br> U.S. DEPARTMENT OF <br> TRANSPORTATION, <br> 1200 New Jersey Ave. SE <br> Washington, D.C. 20590 <br><br> **Defendant.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

1. Plaintiff, CATO INSTITUTE, brings this Freedom of Information Act suit to force Defendant U.S. DEPARTMENT OF TRANSPORTATION to comply with Plaintiff's FOIA request for records (including emails) that mention CATO INSTITUTE in connection with the Jones Act (a.k.a. the Merchant Marine Act of 1920, 46 U.S. Code § 50101 et. seq.) or the Open America's Water Act.  In violation of the Freedom of Information Act, Defendant has failed to issue a determination letter within twenty business days and failed to produce the records promptly.

## PARTIES

2. Plaintiff CATO INSTITUTE is a public policy research organization—a think tank—dedicated to the principles of individual liberty, limited government, free markets, and peace.  Its scholars and analysts conduct independent, nonpartisan research on a wide range of policy issues.

3. Defendant U.S. DEPARTMENT OF TRANSPORTATION ("DOT") is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

4. This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court. *See* 28 U.S.C. § 1331.

5. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## BACKGROUND

6. The Jones Act, which refers to Section 27 of the Merchant Marine Act of 1920 (P.L. 66-261), requires that vessels transporting cargo from one U.S. point to another U.S. point be U.S.-built, and owned and crewed by U.S. citizens.

7. Plaintiff has published major studies arguing that the law's most direct consequence is to raise transportation costs, which are passed down through supply chains and ultimately reflected in higher retail prices, and that it generates enormous collateral damage through excessive wear and tear on the country's infrastructure, time wasted in traffic congestion, and the accumulated health and environmental toll caused by unnecessary carbon emissions and hazardous material spills from trucks and trains. Colin Grabow, Inu Manak, and Daniel J. Ikenson, *The Jones Act: A Burden America Can No Longer Bear*, Cato Policy Analysis (Jun. 28, 2018), https://www.cato.org/publications/policy-analysis/jones-act-burden-america-can-no-longer-bear#

8. In the past few years, debates over whether the Jones Act has aided or impeded the U.S maritime industry have brought law's constraints into public attention in discussions about domestic transportation of oil and natural gas.

9. CATO INSTITUTE has conducted studies concerning the economic and national security benefits envisioned by the Jones Act and has concluded these have proved illusory. It has

launched the Project on Jones Act Reform to raise public awareness and lay the groundwork for the Jones Act's repeal or reform.

## NOVEMBER 16, 2021 FOIA REQUEST

10. On November 16, 2021, CATO INSTITUTE submitted a FOIA request to the DOT for the following:

> Records (including emails) that mention the Cato Institute (a.k.a. Cato) in connection with the Jones Act (a.k.a. the Merchant Marine Act of 1920, 46 U.S. Code § 50101 et. seq.) or the Open America's Water Act, including communications between and among:
>
> 1) Department of Transportation (DoT) officials and DoT contractors, consultants, or parties representing non-governmental entities concerned with the Jones Act;
> 2) Officials in the Office of the Secretary of Transportation, including the immediate Office of the Secretary; the Office of the Undersecretary for Policy; the Office of General Counsel; the Office of Government Affairs; the Office of Intelligence, Security and Emergency Response; and the Office of Public Affairs.
>
> The date range of this request is June 27, 2018, to January 20, 2021.

Exhibit A.

11. DOT acknowledged receipt of the request on November 17, 2021, and assigned File Number OST-2022-0070 to the matter.  Exhibit B.

12. On January 20, 2022, CATO INSTITUTE sought an estimated completion date for the request.  Exhibit C.

13. On January 21, 2022, DOT stated that it is "still in the process of collecting the records you seek." DOT estimated that it "will receive the records for review within the next 3 to 4 weeks" and "will be able to respond to you approximately in the next 6 to 8 weeks." *Id.*

14. As of the date of this filing, DOT has not complied with FOIA by failing to issue a determination and failing to produce records responsive to the request.

## COUNT I – DOT'S FOIA VIOLATION:
## FAILURE TO ISSUE A DETERMINATION

15. The above paragraphs are incorporated herein.

16. The request seeks the disclosure of agency records and was properly made.

17. DOT is a federal agency and subject to FOIA.

18. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

19. DOT has failed to issue a determination within the statutory deadline.

## COUNT II – DOT'S FOIA VIOLATION: FAILURE TO CONDUCT A REASONABLE SEARCH

20. The above paragraphs are incorporated herein.

21. The request seeks the disclosure of agency records and was properly made.

22. DOT is a federal agency subject to FOIA.

23. DOT has failed to conduct a reasonable search for records responsive to the request.

## COUNT III – DOT'S FOIA VIOLATION: FAILURE TO PRODUCE RECORDS

24. The above paragraphs are incorporated herein.

25. The request seeks the disclosure of agency records and was properly made.

26. DOT is a federal agency subject to FOIA.

27. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

28. DOT has failed to produce records responsive to the request.

**WHEREFORE**, CATO INSTITUTE asks the Court to:

   i. declare that DOT has violated FOIA;

   ii. order DOT to conduct a reasonable search for records;

   iii. order DOT to issue a determination;

   iv. order DOT to produce all non-exempt records responsive to the request or portions of records promptly;

v. enjoin DOT from withholding non-exempt public records under FOIA;

vi. award CATO INSTITUTE attorneys' fees and costs; and

vii. award any other relief the Court considers appropriate.

Dated: April 25, 2022

RESPECTFULLY SUBMITTED,

/s/ *Matthew V. Topic*

Attorney for Plaintiff,
CATO INSTITUTE

Matthew Topic, D.C. Bar No. IL 0037
Josh Loevy, D.C. Bar No. IL0105
Merrick Wayne, D.C. Bar No. IL 0058
Shelley Geiszler D.C. Bar No. IL 0087
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com